UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN K. BAKER, <br><br> Plaintiff, <br><br> v. <br><br> I.Q. DATA INTERNATIONAL, INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 3:21-cv-00326 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Brian K. Baker ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, I.Q. Data International, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Texas, Defendant conducts business in the Northern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Texas.

5. Defendant is a third-party debt collection agency headquartered at 21222 30th Drive SE, Suite 120, Bothell, Washington 98021. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

## FACTS SUPPORTING CAUSE OF ACTION

6. Plaintiff rented an apartment at Promenade at Valley Ridge ("PVR").

7. In or around May 2017, Plaintiff broke his lease at PVR and incurred fees ("subject debt").

8. Subsequently, Plaintiff could not keep up with payments and defaulted on the subject debt.

9. Thereafter, Defendant acquired the right to collect on the subject debt while it was in default.

10. In or around January 2021, Defendant mailed or caused to be mailed to Plaintiff a collection letter attempting to collect upon the subject debt.

11. In or around February 2021, Plaintiff called Defendant for more information on the subject debt.

12. Plaintiff spoke with a female representative for Defendant who gave Plaintiff the option to pay off the subject debt in full "by the end of the month" in order to have it removed from his credit reports ("the offer").

13. Defendant's representative then asked Plaintiff if he would be able to pay the subject debt in full that day.

14. Plaintiff stated that he did not have the financial means to pay the subject debt in full that day.

15. Defendant's representative put Plaintiff on hold and then stated that the offer was only valid until February 24, 2021.

16. Plaintiff was perplexed because February 24, 2021 was not the end of the month as Defendant's representative had originally stated.

17. Defendant's representative then pressured Plaintiff to share his credit card information so Defendant could withdraw payment in full by February 24, 2021. She promised that Plaintiff could call Defendant by February 23, 2021 if he could not afford to have payment withdrawn from his account the next day.

18. Plaintiff refused to share his credit card information because he genuinely feared that Defendant would attempt to charge his credit card regardless of whether or not he had sufficient funds by February 24, 2021.

19. Upon hearing Plaintiff's refusal, Defendant's representative started asking about Plaintiff's finances and stated that Plaintiff would lose out on the offer if he disconnected the call. Specifically, the representative with whom Plaintiff spoke stated that the offer would not be available if Plaintiff decided to call back at a later time.

20. Plaintiff reminded Defendant's representative that she had previously stated the offer was valid through February 24, 2021, but Defendant's representative backtracked and denied ever making such a statement.

21. Plaintiff reiterated that he could not make a payment that day and asked to call back later that week, but Defendant's representative stated once again that Plaintiff would lose the offer if he did not pay immediately.

22. Plaintiff felt extremely uncomfortable, so he ended the call.

23. Soon thereafter, Plaintiff called back and spoke to a different representative for Defendant named Galvin.

24. Plaintiff explained his previous conversation to Galvin, but Galvin ignored Plaintiff's concerns and asked what Plaintiff was going to do to take care of the subject debt that day.

25. Galvin then offered the same offer as the first representative, stating that the subject debt would be removed from Plaintiff's credit reports if he made payment in full that day.

26. Plaintiff was perplexed because the first representative informed him that he would not get the same offer again if he hung up with her. The contradictory statements made to Plaintiff by Defendant's representatives made him feel pressured into making payment out of fear of missing opportunities that would be taken away as swiftly as they were offered.

27. Plaintiff stated he needed time to make financial arrangements in order to pay the subject debt, but the actions of Defendant's representatives made him feel extremely shaken up..

## DAMAGES

28. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

29. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

30. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

31. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

35. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

36. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

37. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

38. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

39. Defendant violated 15 U.S.C. §§1692e, e(10), and f through its unlawful debt collection practices.

  a. **Violations of FDCPA § 1692e**

40. Defendant violated §§ 1692e and e(10) by using false, deceptive, and misleading representation in connection to collection of the alleged subject debt. Defendant's representatives misled Plaintiff by stating that the offer to remove the subject debt from Plaintiff's credit reports would only be valid if he made payment in full immediately. Furthermore, Defendant's female

representative gave Plaintiff conflicting information about when payment was due. At first, she stated that payment was due at the end of the month, then February 24, then the day of that very phone call. This deceptive pivoting was done in an attempt to confuse and coerce Plaintiff into making immediate payment on the subject debt in order to avoid missing out on the offer.

    **b. Violations of FDCPA § 1692f**

41. Defendant violated §1692f by using unfair and unconscionable means to collect the subject debt from Plaintiff. It was unfair and unconscionable for the first representative to state three different payment due dates during the phone call with Plaintiff and then to state that the offer would expire if he did not make a payment during that very phone call. Furthermore, it was unfair and unconscionable for both representatives to demand immediate payment from Plaintiff when he made it clear that he did not have the financial means to make a payment that day. Both representatives with whom Plaintiff spoke contradicted themselves when attempting to collect the subject debt. The constant confusion and misdirection perpetuated by Defendant here was specifically designed to coerce Plaintiff into making payment towards the subject debt out of sheer panic.

42. Upon information and belief, Defendant uses unfair, harassing, misleading, and deceptive practices in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

**WHEREFORE**, Plaintiff BRIAN K. BAKER respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Award Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Award Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

45. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

46. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a.  Violations of TDCA § 392.304

47. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), states that a debt collector may not use "any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

48. Defendant violated the TDCA when it falsely and deceptively stated three different due dates for payment on the subject debt and then demanded immediate payment despite Plaintiff making it clear that he did not have the financial means to make a payment that day. The representatives' misleading statements were made in an attempt to confuse and coerce Plaintiff into making immediate payment when no such urgency existed. Specifically, Plaintiff was originally advised that he could pay the debt at the end of February 2021 and then on February 24, 2021. Defendant intentionally attempted to deceive Plaintiff with these alternating dates which did nothing but create a false sense of urgency to pay the subject debt.

**WHEREFORE**, Plaintiff BRIAN K. BAKER requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 15, 2021                                  Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com